Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8595 | **DATE** | 7/15/2002 |
| **CASE TITLE** | Lenore Bass vs. Arrow Financial Services, L.L.C., and Lance Martin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/15/02 at 10:00 A.M.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Defendants' motion to dismiss plaintiff's complaint is granted without prejudice to plaintiff filing an amended complaint by 8/15/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/15/2002 | |
| | | 02 JUL 15 PM 3:56 | date mailed notice | |
| TH✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LENORE BASS, individually and on behalf )
of similarly situated plaintiffs, )
)
Plaintiff, )
)
vs. ) No. 01 C 8595
) Edward A. Bobrick,
ARROW FINANCIAL SERVICES, L.L.C. and ) Magistrate Judge
LANCE S. MARTIN, )
) **DOCKETED**
Defendants. )
) JUN 1 6 2002

## MEMORANDUM ORDER

Before the court is the motion of defendants Arrow Financial Services ("Arrow") and Lance Martin ("Martin") to dismiss the complaint of plaintiff Lenore Bass.

Plaintiff brings this suit against Arrow and its vice president and general counsel, Martin, alleging that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 ILCS 505/1, *et seq.* The defendants now seek an order dismissing the plaintiff's complaint under several theories. Specifically, defendants argue that: (1) this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the claims are barred due to plaintiff's failure to bring a Supreme Court Rule 137 petition in the state court; (3) defendant Martin's conduct is not actionable pursuant to litigation privilege; (4) the CFA does not apply where allegations of lawyer misconduct arise in the actual

practice of law; (5) plaintiff lacks standing to represent the alleged class members; and (6) plaintiff has no viable claim against Martin based on the unauthorized practice of law as Martin is a licensed attorney.

## I. PLAINTIFF'S ALLEGATIONS

Arrow is a corporation regularly engaged in the collection of debts, while Martin is its employee and in-house counsel. Plaintiff's difficulties with defendants stem from an April 1990 lawsuit that Aronson Furniture filed against one *Leona* Bass, whom plaintiff did not, and does not, know. The suit resulted in a default judgment against *Leona* Bass. Ten years later, Martin substituted in as attorney in an attempt to revive the judgment and collect. For whatever reason, Martin engaged a process server to serve the plaintiff, instead of *Leona* Bass. On November 17, 2000, the process server filed a false affidavit of service in the Circuit Court of Cook County, claiming to have served plaintiff through Tina Bass, purportedly plaintiff's cousin. Plaintiff and Tina Bass, as one might have guessed, are not cousins.

Plaintiff finally became aware of these ill-conceived legal machinations in December of 2000,when Martin moved to garnish her wages. She was forced to hire an attorney to stop the garnishment. The Circuit Court of Cook County quashed the garnishment on February 13, 2001. The court also ordered Martin to refund to plaintiff all proceeds of the garnishment to date. Martin stated he would not do so and, instead, indicated he would have plaintiff served again.

Martin set the process in motion once again, despite the fact that he now knew that plaintiff was not responsible for the ten-year-old debt. This time, the process server filed an affidavit claiming to have served plaintiff through her brother, John, on Easter Sunday morning, purportedly at plaintiff's home. Plaintiff was home at that time, preparing to go to services; no one attempted to serve her. Of course, she has no brother John. Her only brother has been dead for twenty-five years. Nevertheless, plaintiff was yet again forced to institute legal proceedings to quash this supposed "service."

To seek relief for this ordeal, plaintiff resorts to the FDCPA and the CFA. Under Count I of her complaint, plaintiff claims that, throughout the debt collection process, Martin failed to disclose his affiliation with Arrow, and proceeded as though he were an independent attorney collecting debts under his own name. According to plaintiff, this constituted the unauthorized practice of law because attorneys may not practice as partners of a non-legal corporation. According to plaintiff, the defendants' conduct violated Section 1692e of the FDCPA, which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> \* \* \*
>
> (3) The false representation that an individual is an attorney or that any communication is from an attorney.
>
> \* \* \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

3

Plaintiff seems to contend that the alleged unauthorized practice of law was what constituted a false representation under the FDCPA, although the exact link between defendants' described conduct and the purported FDCPA violation is unclear.

Under Count II, plaintiff claims that the defendants violated the CFA insofar as Martin failed to disclose his association with Arrow. This purportedly deceptive practice, according to plaintiff, was intended to mislead people into believing that Martin was acting as a private practitioner, as opposed to Arrow's in-house counsel. Plaintiff contends that people were disadvantaged as a result, because they would have acted differently had they known the truth. Plaintiff also contends that default judgments were entered on the basis of Martin's action and that they are void as a matter of law.

## II. ANALYSIS

A complaint will not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998). We must read the complaint liberally and accept as true the well-pleaded allegations and the inferences that may reasonably be drawn from those allegations. *Saperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail, but whether [s]he is entitled to offer evidence to support the claims." *Id.*

Defendants first argue that this court has no jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that lower

federal courts are precluded from exercising jurisdiction over claims that would require them to review a final judgment of a state court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983). Recently, in *Rizzo v. Sheahan*, 266 F.3d 705 (7th Cir. 2001), the Seventh Circuit outlined the appropriate inquiry under the doctrine:

> In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional. If, however, the injury alleged is distinct from that judgment, *i.e.*, the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment ... res judicata may apply, but *Rooker-Feldman* does not. Thus, the pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether [she] is, in fact, presenting an independent claim.

266 F.3d at 713. In this case, on one hand, the judgments against plaintiff that are mentioned in plaintiff's complaint were those quashing service and wage garnishment. As plaintiff "won" those judgments, we do not interpret her complaint as a claim she was injured by them. On the other hand, plaintiff also complains of "default judgments that may be and were entered." This would certainly appear to be an allegation of an injury from a state court judgment, which would violate the *Rooker-Feldman* doctrine.

Beyond that, we are also troubled by plaintiff's allegations regarding the "unauthorized practice of law." The portion of the FDCPA upon which plaintiff relies

5

addresses situations where a collection agency uses an attorney's name and letterhead to "strike fear in the heart" of the recipient. *Avila v. Rubin*, 84 F.3d 222, 228 (7th Cir. 1996). While courts have found the FDCPA applicable to situations similar to that described in plaintiff's complaint, *see, e.g.,Laws v. Cheslock,* No. 98 C 6403 (N.D.Ill. Mar. 9, 1999) 1999 WL 160236 (in-house counsel implying that he was collecting debt as an independent attorney); *Wells v. McDonough,* No.97 C 3288 (N.D.Ill. Sept. 29, 1999) 1999 WL 966431 (collection agency using attorney's name and letterhead in a demand letter and improperly indicating that the attorney is attempting to collect the debt), they have not addressed such matters as the unauthorized practice of law. That is the province of state bar associations and state courts. Plaintiff's allegations in this matter certainly might interest Illinois' Attorney Registration and Disciplinary Committee, but they do not appear to be cognizable under the FDCPA. Furthermore, plaintiff expects that the judgments stemming from defendants' conduct will be voided. Again, this would involve the federal court in the review of state court judgments, and violate the *Rooker-Feldman* doctrine. *See, Clark v. Pollard*, No. IP-99-1414-CH/G (S.D.Ind. Dec. 28, 2000) 2000 WL 1902183, *4 (plaintiff claimed to not challenge the validity of the state court judgment against her, but she could prevail on her FDCPA claim only by showing that actions taken in state court and with the approval of the state court violated state law).

### III. CONCLUSION

Plaintiff's allegations regarding Arrow and, especially, Martin are serious. Based on the allegations, the defendants would appear to have engaged in some abusive debt collection, and Martin would appear to have committed some ethical violations. But in attempting to fashion her allegations into a claim for relief in federal district court, plaintiff has run afoul of the *Rooker-Feldman* doctrine.[1] It is also unclear whether her grievances, as alleged, make up a claim cognizable under the FDCPA. Accordingly, we are constrained to dismiss plaintiff's complaint. Given the nature of her allegations, however, we do not find it improbable that plaintiff could amend her pleadings so as to not inveigle *Rooker-Feldman*. Accordingly, dismissal of plaintiff's complaint shall be without prejudice.

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is GRANTED without prejudice to plaintiff filing an amended complaint.

ENTERED: *Edward A. Bobrick*
EDWARD A. BOBRICK
**United States Magistrate Judge**

**DATE:** July 15, 2002

---

[1] Because we find the *Rooker-Feldman* doctrine applicable in this case, we do not address the defendants' remaining arguments.

7